

Opinions of the United
States Court of Appeals
for the Third Circuit

5-4-2005

# Lewis v. Kinkos of Ohio

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1991

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Lewis v. Kinkos of Ohio" (2005). *2005 Decisions.* Paper 1252.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1252

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-1991
_____

MARK A. LEWIS,
          Appellant

v.

KINKO'S OF OHIO,
Willow Grove Branch

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 99-cv-03028)
District Judge:  Honorable R. Barclay Surrick

_____

Submitted Under Third Circuit LAR 34.1(a)
April 15, 2005

BEFORE: RENDELL, AMBRO and FUENTES, <u>Circuit Judges</u>

(Filed:   May 4, 2005)

_____

OPINION
_____

PER CURIAM

Appellant Mark Lewis, proceeding <u>pro se</u>, appeals an order of the United States

District Court for the Eastern District of Pennsylvania granting summary judgment for his

former employer, Kinko's of Ohio, in his action alleging race discrimination in violation

of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17, and the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. §§ 951-963. We will affirm the District Court's order.

In October 1994, Lewis began working at Kinko's Willow Grove, Pennsylvania location. He was fired after a confrontation with a customer in February 1996. Lewis, who is African American, filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging disparate disciplinary treatment, wage discrimination, and unlawful termination based upon his race. The EEOC issued Lewis a right to sue letter, and he filed his present complaint and proceeded pro se.[1]

Regarding his disparate disciplinary treatment claim, Lewis testified at his deposition that he received a warning for installing non-standard fonts on Kinko's computer system, that he was written up for this conduct, and that he was treated more severely than a Caucasian employee who engaged in similar conduct. Lewis, however, stated in an interrogatory response that any disciplinary actions that took place were "cleared up and removed from [his] file," Supp. App. at 240, and testified that the incidents were misunderstandings. The District Court concluded that Lewis failed to establish a prima facie case of disparate treatment based upon his race because he did not suffer an adverse employment action. See Jones v. Sch. Dist. of Phila., 198 F.3d 403, 411 (3d Cir. 1999) (stating prima facie case requires some form of adverse employment action

---

[1]The District Court ordered that counsel be appointed, but Lewis declined representation.

2

by an employer).

In support of his wage discrimination claim, Lewis testified that he had believed he would be paid more than $7.00 per hour when he started working. He negotiated a wage of $8.00 per hour, and the payroll records reflect that in December 1995, his wage was $8.67 per hour. Lewis stated that a Caucasian employee, who misrepresented his knowledge of desktop publishing, was hired at a rate of $9.00 per hour in his department. This employee ultimately was "[p]ushed out the door." Supp. App. at 354. Lewis also stated that another Caucasian employee received a pay increase from $7.50 to $8.25 per hour after he went from part-time to full-time status, and that a third Caucasian employee told him that he received a raise after his father called the store manager. The District Court held that Lewis failed to establish a prima facie case of discrimination because he had not shown that the employees he identified were similarly situated to him. See Watson v. Eastman Kodak Co., 235 F.3d 851, 857-58 (3d Cir. 2000) (holding that a plaintiff who did not show that he was paid at a lower rate than similarly situated employees could not survive summary judgment).

Finally, on his wrongful termination claim, Lewis testified that he was involved in a confrontation with a belligerent customer. Lewis approached the customer, who was in a non-public part of the store, because he was concerned the customer might steal something. The customer used racial epithets, and insulted and threatened Lewis. Lewis stated, "I am 245 pounds of all man. There is not one ounce of me scared of you, but because I have responsibilities, you are allowed to disrespect me this way . . . ." Supp.

3

App. at 179.   Lewis was emotional and loud during the incident, but denied yelling at the customer.  Lewis went outside several times, and when he returned the customer continued to harass him.  The customer eventually left the store.  The next day, the store manager, who had started working there that day, fired Lewis based upon her conversations with Lewis' co-workers, the customer and the former store manager.  Lewis testified that the manager believed that he grabbed the customer.[2]

The District Court concluded that Lewis had not established a prima facie case of a racially discriminatory discharge because he submitted no evidence showing that he was qualified for his position.  See Josey v. John R. Hollingsworth Corp., 996 F.2d 632, 638 (3d Cir. 1993) (To make a prima facie showing of racially discriminatory discharge, plaintiff must demonstrate, among other things, that he or she was qualified for the position.).  Even assuming Lewis established a prima facie case, the District Court found that Kinko's had a legitimate, nondiscriminatory reason for firing him based upon his behavior during the confrontation, and Lewis had not come forward with any evidence to doubt that reason.  See Jones, 198 F.3d at 410 (setting forth McDonnell Douglas burden-shifting framework applicable in race discrimination cases).  The District Court noted that Lewis had told the customer that he was not afraid to fight him, and that Kinko's 1996 Co-Worker Handbook lists "[o]bscene, abusive, intimidating, or threatening language/behavior with customers" as grounds for immediate dismissal.  Supp. App. at

_____

[2]Lewis also testified that the former store manager "barely wanted to put his hand to shake mine," Supp. App. at 203, did not discuss job responsibilities with him, and did not give him a paycheck until he had worked there for almost a month.

4

250.

This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is de novo. Goosby v. Johnson & Johnson Med., Inc., 228 F.3d 313, 318 (3d Cir. 2000).

In his brief, Lewis argues that the District Court did not consider all of the evidence, and that there are issues of fact regarding Kinko's reasons for its adverse employment actions. He refers to documents that he submitted to the District Court Judge, but did not file with the District Court Clerk. This Court may not consider material on appeal that is outside the District Court record. In re Capital Cities/ABC, Inc.'s Application for Access to Sealed Transcripts, 913 F.2d 89, 96 (3d Cir. 1990). Even if these documents could be considered, they do not establish that a genuine issue of material fact exists for trial. The District Court properly granted Kinko's motion for summary judgment. Accordingly, we will affirm the District Court's order.[3]

---

[3]To the extent Lewis also appeals the District Court's denial of his motion for enlargement of time for discovery, he has not shown that the District Court abused its discretion. See Pacitti v. Macy's, 193 F.3d 766, 777 (3d Cir. 1999) (stating standard of review). Finally, Lewis' motion to dismiss Kinko's brief is denied.